**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4259**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BERNARD WEITERS, JR.,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00987-PMD-1)

───────────

Submitted: September 25, 2012    Decided: September 27, 2012

───────────

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Joshua S. Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Weiters, Jr., appeals the 420-month sentence imposed upon him after the disposition of his initial direct appeal, in which we affirmed his convictions but vacated his sentence and remanded his case to the district court for resentencing in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Weiters' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether Weiters' sentence was reasonable.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. A sentence that falls within a properly calculated Guidelines range is presumptively

reasonable. <u>United States v. Susi</u>, 674 F.3d 278, 289 (4th Cir. 2012).

Our review of the record convinces us that Weiters' sentence is reasonable. We discern no error with respect to the district court's computation of the applicable Guidelines range, the opportunities it provided Weiters and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the factors enumerated in § 3553(a). We also find nothing in this record to demonstrate any reason to disturb the presumptive substantive reasonability of Weiters' within-Guidelines sentence. <u>Susi</u>, 674 F.3d at 289.

We have carefully reviewed the contentions contained in Weiters' pro se supplemental brief, and we conclude that each of his challenges to his Guidelines computations is without merit. To the extent that Weiters' brief urges that his trial counsel was ineffective in failing to challenge the admission of certain evidence, Weiters' attempt to challenge his convictions in this appeal is barred by the mandate rule. <u>See</u> <u>Susi</u>, 674 F.3d at 283-85. In any event, we observe that any inefficacy of counsel is not conclusively demonstrated on the record and that Weiters' ineffectiveness claim is therefore not cognizable on direct appeal and should instead be brought collaterally, if at all. <u>See</u> <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Weiters, in writing, of the right to petition the Supreme Court of the United States for further review. If Weiters requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Weiters. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
